UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIK MADRID,

Plaintiff,

v.

MITCHELL INTERNATIONAL INC., et al.,

Defendant.

CASE NO. 2:20-CV-382-RSL-DWC

REPORT AND RECOMMENDATION

Noting Date: July 10, 2020

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 11. Presently before the Court is Plaintiff Erik Madrid's Motion for Remand. Dkt. 21. The Court concludes Defendant Medical Consultants Network, LLC ("MCN") was not fraudulently joined in this action. The Court, however, finds Plaintiff's request for attorney fees is not appropriate as Defendants' basis for removal was not objectively unreasonable. Therefore, the undersigned recommends the Motion for Remand (Dkt. 12) be granted-in-part and denied-in-part and this case be remanded to state court.

**I. Background**

Plaintiff alleges Defendants Mitchell International, Inc. ("Mitchell"), a Delaware corporation, and MCN, a Washington limited liability corporation, failed to: timely pay Plaintiff's bonus, pay Plaintiff's severance, and provide other benefits due to Plaintiff under an employment agreement ("Agreement"). Dkt. 1-3. Plaintiff alleges Defendants' conduct resulted in a breach of contract, a violation of the Washington Wage Rebate Act, and a violation of the Washington Wage Payment Act. *Id*.

Plaintiff initiated this lawsuit in the King County Superior Court – a Washington State court – on February 9, 2020. Dkt. 1-3. On March 10, 2020, Defendants removed this action to this Court under a theory of diversity jurisdiction. Dkt. 1. Plaintiff filed the Motion for Remand on March 19, 2020. Dkt. 12. After a sixty day stay, Defendants filed their Response to the Motion for Remand on June 5, 2020. Dkt. 18. Plaintiff filed his Reply on June 12, 2020.

**II. Discussion**

Defendants contend MCN was fraudulently joined; therefore, MCN does not defeat diversity and this case is can proceed in federal court. Dkt. 1, 18.

A defendant may remove "any civil action brought in a State court of which the district courts ... have original jurisdiction." 28 U.S.C. § 1441(a). Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Grancare, LLC*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 581 F.3d 1039, 1046 (9th Cir 2009)). "Fraudulent joinder must be proven by clear and convincing evidence[, and] there is a general presumption against fraudulent joinder[.]" *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "A merely defective statement of the plaintiff's action does not warrant removal[.]" *Albi v. St. & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944). "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court." *Id*.

Here, Defendants argue the joinder of MCN is fraudulent because (1) MCN is not a party to the Agreement; (2) MCN is not an affiliate or agent of Mitchell; and (3) Plaintiff has not stated a claim against MCN. Dkt. 18.[1]

A. *Party to the Agreement*

Defendants first assert that only Mitchell and Plaintiff are parties to the Agreement. Dkt. 18, pp. 8-10. Thus, only Mitchell is obligated to pay Plaintiff and MCN cannot be liable. *Id*. Employment contracts are governed by the same rules as traditional contract law. *Kloss v. Honeywell, Inc.*, 77 Wash.App. 294, 298 (1995). "Under such principles, [the court's] goal is to

[1] There is no dispute that, absent a finding of fraudulent joinder, this case would be properly heard in the state court. *See* Dkt. 12, 18.

effectuate the intent of the parties by giving the words in a contract their ordinary, usual, and popular meaning unless a different meaning is clearly indicated." *Storti v. Univ. of Washington*, 172 Wash. App. 1029 (2012), *aff'd*, 181 Wash. 2d 28 (2014) (citing *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503–04 (2005)).

Here, the Agreement states:

> Subject to the foregoing restriction on assignment by [Plaintiff], this Agreement will inure to the benefit of and be binding upon each of the parties; the affiliates, officers, directors, agents, successors and assigns of [Mitchell]; and the heirs, devisees, spouses, legal representatives and successors of [Plaintiff].

Dkt. 20-1, p. 5. Based on the language in the Agreement, the Agreement inures to the benefit of and is binding upon Mitchell's affiliates, officers, directors, agents, successors and assigns. Thus, the language of the Agreement can be read to extend benefits and obligations of the Agreement beyond Mitchell and Plaintiff, the two signatories.

Defendants assert other portions of the Agreement make it clear only Mitchell is obligated to pay Plaintiff's salary, benefits, and bonuses and, therefore, no affiliate, officer, director, agent, successor, or assign of Mitchell is liable in this case. Dkt. 18, pp. 9-10. The Agreement states it is binding on Mitchell's affiliates, officers, directors, agents, successors and assigns. Dkt. 20-1, p. 5. The "Binding Effect" clause does not state that portions of the Agreement related to payment of Plaintiff's salary, benefits, and bonuses bind – or obligate – only Mitchell. Defendants do not cite to any language restricting the "Binding Effect" clause. *See* Dkt. 18. Based on the language of the Agreement, the Agreement, including the obligations to pay Plaintiff, can be interpreted to be binding on Mitchell's affiliates, officers, directors, agents, successors, and assigns.

The Court finds it is possible for the state court to determine the Agreement places an obligation to pay Plaintiff's salary, benefits, and bonuses on Mitchell's affiliates, officers,

directors, agents, successors, and assigns. Therefore, it is possible for a party other than Mitchell to be liable for the alleged breach of the Agreement and the failure to pay Plaintiff.[2]

B. *MCN as Affiliate or Agent*

Defendants argue that, even if the Agreement is binding on Mitchell's affiliates and agents, MCN is not an affiliate or agent. Dkt. 18, pp. 10-12.

The parties, for the purposes of the Motion for Remand, define an "affiliate" as "a person who directly or indirectly controls, or is controlled by, or is under common control with, a person." R.C.W. § 23B.19.020; *see Ameriquest Mortg. Co. v. Washington State Office of Atty. Gen.*, 170 Wash.2d 418, 430 (2010) (quoting 15 U.S.C. § 6809(6)) ("An "'affiliate'" is "any *company* that controls, is controlled by, or is under common control with another *company*."); *see also* Dkt. 12, p. 7; Dkt. 18, p. 11. In this context, "controls" "controlled by" and "under common control with" is defined as "the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting shares, by contract, or otherwise." R.C.W. § 23B.19.020.

Defendants submitted evidence showing Plaintiff worked for MCN prior to working for Mitchell. Dkt. 19, Grant Dec., ¶ 2. On May 28, 2018, Mitchell bought all of MCN's assets and "one of the conditions of the closing of the asset purchase agreement between MCN and Mitchell was for Mitchell to sign" the Agreement with Plaintiff. *Id*. at ¶ 3. Defendants' evidence shows Mitchell does not have any ownership interest in MCN. *Id*. at ¶ 5. Further, MCN has not agreed

---

[2] Defendants argue Plaintiff's reading of the Agreement is "unheard of" as it could make, for example, the board of directors liable to pay Plaintiff's salary. Dkt. 18, p. 9 n.1. Under Washington state law, an employer, officer, vice principal, or agent of an employer can be liable for a failure to pay wages. *See* R.C.W. § 49.52.070. Therefore, it is not "unheard of" for an officer to be liable for payment of wages. Furthermore, the language of the Agreement is clear for purposes of the Motion for Remand.

to act on Mitchell's behalf under Mitchell's control and there is no fiduciary relationship between Mitchell and MCN. *Id*. at ¶ 6.

Plaintiff, however, alleges and has submitted evidence showing MCN "joined" Mitchell. *See* Dkt. 1-3; Dkt. 14, p. 7. Plaintiff contends MCN continued to provide services to Mitchell after the asset purchase. Dkt. 13, Madrid Dec., ¶ 3. Mitchell paid MCN, or the sole owner of MCN, a $20,000 monthly "management fee" for MCN's services to Mitchell. *Id*. at ¶ 6. Mitchell later converted the payments to MCN to an hourly rate to increase Mitchell's earnings growth. *Id*. Additionally, MCN had a vested interest in Mitchell doing well. *Id*. at ¶ 5. Plaintiff also submitted a copy of MCN's website that states MCN is "proud to have *joined* the Mitchell International family in June, 2018." Dkt. 14, p. 7 (emphasis added).

Based on the evidence and allegations before the Court, the Washington state courts could find MCN is an affiliate of Mitchell. Following the asset purchase, MCN continued to provide management services to Mitchell. Further, MCN had a vested interest in Mitchell's financial success and Mitchell and MCN appeared to make decisions to benefit that financial interest. Additionally, the allegations in the Complaint and evidence shows MCN holds itself out as part of Mitchell. *See* Dkt. 14; *see also* Dkt. 1-3, ¶ 6 (allegations MCN holds itself out as "MCN [doing business as] Mitchell International Inc.").

Defendants provided evidence showing Mitchell has no control over MCN and MCN did not agree to act on Mitchell's behalf. However, "the Court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1194 (N.D. Cal. 2013). Here, evidence viewed in favor of Plaintiff shows may have been direct or indirect control between Mitchell and MCN based on MCN joining Mitchell and/or the management agreement. Defendants' evidence

creates questions of fact regarding the relationship between MCN and Mitchell. It does not show Plaintiff has failed to state a cause of action against MCN. *See Grancare, LLC*, 889 F.3d at 548–49 (9th Cir. 2018) ("We have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal.").

Therefore, the Court finds there is a possibility the state court could find Plaintiff has sufficiently shown MCN is an affiliate of Mitchell. As the Court finds MCN could be an affiliate of Mitchell, the Court declines to consider if it is possible for the state court to find MCN is an agent of Mitchell. The Court notes, however, that "[a]gency is generally a question of fact reserved for a jury unless the facts are undisputed or permit only one conclusion." *Kelsey Lane Homeowners Ass'n v. Kelsey Lane Co.*, 125 Wash. App. 227, 236, (2005).

C.  *Failure to State a Claim*

Defendants assert that, because MCN is not a party to the Agreement and not an affiliate or agent of Mitchell, Plaintiff's three claims alleged against MCN fail. Dkt. 18, pp. 12-15. However, as discussed above the Court finds the state court could find MCN, as an affiliate of Mitchell, is bound under the Agreement; thus, Defendants' failure to state a claim argument fails. For example, Defendants contend Plaintiff has failed to state a breach of contract claim because MCN is not a party to the Agreement. *Id*. In Washington, "[a] breach of contract occurs when a party to an agreement fails to comply with a specific term." *Schumacher v. T. Garrett Construction, Inc.*, 199 Wash.App. 1008 (2017). As discussed above, the Complaint contains allegations sufficient to show a state court could find MCN is bound under the Agreement and failed to comply with specific terms of the Agreement. Thus, Plaintiff has stated a breach of contract claim against MCN. Therefore, Defendants' argument fails.

The Court finds Plaintiff's breach of contract claim could possibly state a claim against MCN. With at least one possible claim against MCN, the Court declines to consider whether the remaining causes of action pled against MCN state a claim.

D. *Conclusion*

For the above stated reasons, the Court finds it is possible for the state court to find Plaintiff has stated a cause of action against MCN. Therefore, joinder was proper and this case should be remanded to the state court.

**III. Attorney Fees**

Plaintiff contends Defendants did not have an objectively reasonable basis for seeking removal in this case and requests costs and attorney fees. Dkt. 12, p. 8.

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This standard does not turn on whether removal was improper, but on the reasonableness of removal. *Id.* at 137, 141. "Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful." *Fed. Home Loan Mortg. Corp. v. Lettenmaier*, 2011 WL 1297960, at *1 (D. Or. Apr. 5, 2011) (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). The appropriate inquiry is "whether the relevant case law clearly foreclosed the defendant's basis of removal" by examining the "clarity of the law at the time of removal." *Lussier*, 518 F.3d at 1066.

In this case, the parties did not cite to, nor has the Court found, case law that is directly on point to the unique facts of this case. Therefore, the law is not so clear as to foreclose

Defendants' basis for removal. Accordingly, the Court recommends Plaintiff's request for costs and attorney fees be denied.

## IV. Conclusion

For the above stated reasons, the Court finds MCN was not fraudulently joined in this action. The Court, however, finds attorney fees are not appropriate because Defendants' basis for removal was not objectively unreasonable. Therefore, the undersigned recommends the Motion for Remand (Dkt. 12) be granted-in-part and denied-in-part and this case be remanded to state court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 10, 2020, as noted in the caption.

Dated this 25th day of June, 2020.

David W. Christel
United States Magistrate Judge